# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IVAN COLLADO, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:20-cv-00181 |
| | ) |
| | ) JUDGE CAMPBELL |
| 21st JUDICIAL DISTRICT DRUG TASK FORCE, | ) MAGISTRATE JUDGE FRENSLEY |
| | ) |
| Defendant. | ) |

## MEMORANDUM

Ivan Collado, an inmate in the custody of the United States at FCI-Fort Dix in New Jersey, has filed a *pro se* complaint under 42 U.S.C. § 1983 against unknown law enforcement officers of the 21st Judicial District Drug Task Force in Nashville, Tennessee.[1] (Doc. No. 1, 3). He also filed an application to proceed in this Court without prepaying fees and costs. (Doc. No. 2). The case is before the Court for a ruling on the application and for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. APPLICATION TO PROCEED AS A PAUPER

The Court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper reflects that he cannot pay the full filing fee in advance. (*See* Doc. No. 2). Accordingly, the application will be granted and the $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

---

[1] The Court has determined that Plaintiff inadvertently checked the box for a "*Bivens* claim" against federal defendants on his Complaint instead of the adjacent box for a § 1983 claim against state or local defendants. The Court proceeds under the understanding that Plaintiff intends to bring a Section 1983 claim.

## II. INITIAL REVIEW OF COMPLAINT

Under the PLRA, the Court must review and dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915A.

### A. Standard of Review

To determine whether a complaint "fails to state a claim on which relief may be granted" under the PLRA's screening requirements, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true unless they are entirely without credibility. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). The Court determines whether those factual allegations "plausibly suggest an entitlement to relief," *Williams*, 631 F.3d at 383 (quoting *Iqbal*, 556 U.S. at 681 (2009)), that rises "above the speculative level," *Twombly*, 550 U.S. at 555.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Even under this lenient standard, however, *pro se* plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Young*

*Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining the role of courts is not "to ferret out the strongest cause of action on behalf of *pro se* litigants" or to "advis[e] litigants as to what legal theories they should pursue").

**B. Factual Allegations**[2]

Plaintiff's claim arises from an event that occurred prior to his incarceration. On May 1, 2014, Plaintiff, his brother, and a third man, Stacey Wares, were stopped by officers of the 21st Judicial District Drug Task Force. (Doc. No. 3 at 1). Wares was driving because Plaintiff was under the influence of prescription medication. (*Id*.) Wares declined a request to search the vehicle, and the officers then sought permission from Plaintiff, who owned the vehicle. (*Id*.) After the officers stated that all would be "good to go" if no drugs or guns were found, Plaintiff signed a form consenting to the search. (*Id*.)

The officers separated the three men and called in a K-9 unit to conduct the search. (*Id*.) Plaintiff's brother and Wares were subsequently released, but Plaintiff was arrested. (*Id*. at 1-2). The officers asked Plaintiff if money they had recovered "was clean money or dirty money," and Plaintiff responded that "[all] money is dirty money," because it is touched by many people. (*Id*. at 2). The officers told Plaintiff that they would use the K-9 on the money. (*Id*.) Plaintiff was eventually released, but the officers seized his property and towed his vehicle. (*Id*.)

On January 11, 2019, a letter was mailed to Plaintiff in care of his case manager at FCI-Hazelton. (*Id*.) The case manager delivered the letter to Plaintiff "thirteen days later" – January 24, 2019. (*Id*.) The letter informed Plaintiff that his coat and phones were available for return, but did not mention Plaintiff's currency or vehicle. (*Id*.) Plaintiff sent the letter to his wife with

---

[2] These facts are derived from an Affidavit that Plaintiff filed with the Complaint. (Doc. No. 3).

instructions, "because [he] was not being given back [his] money and car but only [his] coat and phones." (*Id.*)

**C. Discussion**

Plaintiff brings this action under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To state a Section 1983 claim, a plaintiff must plausibly allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983. Here, Plaintiff alleges that the seizure of his money and vehicle by officers of the 21st Judicial District Drug Task Force violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights under the U.S. Constitution.

As a threshold matter, however, the statute of limitations for claims brought under Section 1983 in Tennessee is one year. *Jordan v. Blount Cty.*, 885 F.3d 413, 415 (6th Cir. 2018) (citing Tenn. Code Ann. § 28-3-104(a)). Under federal law, the limitations period generally "begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Harrison v. Michigan*, 722 F.3d 768, 773 (6th Cir. 2013) (quoting *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996)). While the statute of limitations is an affirmative defense and, "[a]s such, Defendants [bear] the ultimate burden of proof on that issue," *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012) (citations omitted)), "a complaint is subject to dismissal without any further proof if 'the allegations . . . show that relief is barred by the applicable statute of limitations." *Id.* (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

The Court deems a prisoner's complaint filed when it is given to prison officials for mailing, and assumes that date to be "the date he or she signed the complaint" unless there is evidence to the contrary. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citations omitted). Here, Plaintiff signed the Complaint and supporting Affidavit on January 31, 2020.[3] (Doc. No. 1 at 11; Doc. No. 3 at 2). Applying the one-year statute of limitations, any claim by Plaintiff that accrued prior to January 31, 2019, is time-barred.

The Complaint specifies that Plaintiff's claims arose on May 1, 2014. (Doc. No. 1 at 4). If this were so, the Complaint is plainly untimely. However, construing the Complaint most liberally, the latest possible date that Plaintiff could have become fully aware of his alleged injury was January 24, 2019, when he received the letter regarding the limited return of property. Plaintiff alleges that at this time he believed that he "was not being given back [his] money and car." (Doc. No. 3 at 2). Accordingly, giving Plaintiff every possible benefit of the doubt, his Section 1983 claims accrued no later than January 24, 2019. These claims are therefore time-barred. The Complaint must be dismissed.[4]

### III. CONCLUSION

For the reasons explained above, Plaintiff's Section 1983 claims were not filed within the

---

[3] The Court finds that Plaintiff inadvertently used the year "2019" on the Complaint, while dating the Affidavit with "2020" – a common scrivener's error for January dates. All other indications, including the certificates of service and postmarks, suggest these documents were completed and submitted to the Court in 2020.

[4] There is no indication of any equitable considerations. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.") (citations omitted).

one-year statute of limitations. The Complaint will be dismissed.

An appropriate order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE