IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IVAN COLLADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:20-cv-00181 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| 21st JUDICIAL DISTRICT DRUG TASK FORCE, | ) MAGISTRATE JUDGE FRENSLEY |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Ivan Collado, an inmate in the custody of the United States at FCI-Fort Dix in New Jersey, filed a *pro se* complaint under 42 U.S.C. § 1983 against unknown law enforcement officers of the 21st Judicial District Drug Task Force in Nashville, Tennessee for deprivation of property they allegedly seized on May 1, 2014. (Doc. No. 1, 3). He also filed an application to proceed in this Court without prepaying fees and costs. (Doc. No. 2). On April 29, 2020, the Court granted the application and assessed the filing fee. (Doc. No. 6, 7).

Upon conducting the initial review of the Complaint required by the Prison Litigation Reform Act, the Court found that Plaintiff's Section 1983 claims were barred by the statute of limitations. Plaintiff filed the Complaint on January 31, 2020. (Doc. No. 1). Applying the one-year statute of limitations for Section 1983 claims brought in Tennessee, the Court determined that any Section 1983 claim by Plaintiff that accrued before January 31, 2019, and was thus time-barred. (Doc. No. 6 at 5). While this lawsuit concerns a seizure of Plaintiff's property that occurred on May 1, 2014, the Court liberally construed the Complaint and found that the latest possible date that Plaintiff could have become fully aware of his alleged injury was January 24, 2019. (*Id*.)

Accordingly, the Court concluded that Plaintiff's Section 1983 claims were time-barred and dismissed the Complaint. (*Id.*)

Plaintiff has filed a "Response" objecting to the Court's dismissal order.[1] (Doc. No. 9). There is no federal procedural rule permitting a motion for reconsideration. However, the Court may look to Federal Rule of Civil Procedure 59 and 60. Under Rule 59(e), a motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." Because Plaintiff made this filing 14 days after the entry of judgment, the Court construes it as a Rule 59(e) motion, "which sets forth a less stringent standard for relief than does Rule 60(b)." *Grimes v. Warden*, 3:16-cv-2061, 2016 WL 7336501, at *1 (M.D. Tenn. Dec. 19, 2016); *see also Simpson v. U.S. Bank Nat. Ass'n*, No. 3:13-cv-00325, 2013 WL 3224341, at *2 (M.D. Tenn. June 25, 2013) (explaining choice between consideration under Rule 59(e) or Rule 60). A Rule 59(e) motion to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The movant may not use Rule 59 to re-argue the case or to present evidence that should have been before the court at the time judgment entered. *See Roger Miller Music, Inc., v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

Plaintiff's motion contends that his case should not have been dismissed based on the statute of limitations. Plaintiff explains and provides proof that days after the property seizure in May 2014 he retained counsel to pursue a claim with state authorities. (Doc. No. 9; Doc. No. 9-1). He avers that this counsel filed a bond to challenge the seizure, but then "defrauded" Plaintiff by failing to attend a scheduled hearing to pursue the claim. (Doc. No. 9 at 1; Doc. No. 9-1 at 1).

---

[1] Plaintiff's filing also requests a "default" in his favor in a cursory fashion. (Doc. No. 9). However, he does not present any argument on this point. The Court interprets the filing solely as one seeking reconsideration of dismissal at initial review and reopening of the case.

2

Plaintiff states that he is pursuing a civil claim against this counsel. (Doc. No. 9 at 2). Plaintiff further avers that he appealed *pro se* the denial of his claim in September 2014, but the appeal was denied. (Doc. No. 9-1 at 1). Plaintiff also explains that he made other attempts to secure return of his property that culminated in the letter he received from the 21st Judicial District in January 2019. (Doc. No. 9 at 2).

Plaintiff's argument appears to be one for tolling of the statute of limitations due either to the deficient performance his civil counsel or his pursuit of state remedies. This argument is unpersuasive. Plaintiff's motion and supporting affidavit have now established that he was on notice of his injury no later than when he retained counsel to pursue a claim on May 19, 2014. *See Harrison v. Michigan*, 722 F.3d 768, 773 (6th Cir. 2013) (explaining that the limitations period "begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred") (quoting *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996)). Accordingly, the Complaint had to be filed by May 19, 2015. Even if the one-year limitations period were tolled while Plaintiff pursued state remedies,[2] *see Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000), Plaintiff acknowledges that pursuit ended on January 24, 2019, when he received the letter from the 21st Judicial District providing for the return of some but not all seized property. As the Court has previously discussed, more than one year elapsed between January 24, 2019, and the filing of the Complaint pursuant to the prison mailbox rule on January 31, 2020. Thus, even if some tolling doctrine were applicable, it would likely be of no assistance to Plaintiff in overcoming the statute of limitations.

The Court need not definitely resolve the statute of limitations issue, however, because Plaintiff has now established an even clearer basis for dismissal. The Fourteenth Amendment

---

[2] The several-month delay attributable to Plaintiff's counsel would be subsumed within this period.

3

protects persons from the deprivation of property at state hands "without due process of law." Accordingly, the Supreme Court has held that a plaintiff's loss of property at the hands of a state employee is not a violation of due process if the state affords a means to resolve the alleged loss. *Parratt v. Taylor,* 451 U.S. 527, 543 (1981), *overruled on other grounds by Daniel v. Williams*, 474 U.S. 327 (1986). Where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a cognizable due process claim. *Id*. at 543-44. Accordingly, a prisoner plaintiff "must plead and prove the inadequacy of state post-deprivation remedies if he is to recover for lost personal property." *Shuler v. Hall*, No. 3:18-cv-01223, 2019 WL 1777899, at *4 (M.D. Tenn. Apr. 23, 2019) (citing *Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995)). A prisoner's failure to sustain this burden requires dismissal of his Section 1983 due process claim. *Id*. (citing *Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985)).

The Sixth Circuit has held that Tennessee's statutory remedy against local governments for loss of property affords an adequate remedy to return items either negligently or intentionally converted. *Id*. (citing *Brooks*, 751 F.2d at 199). Critically, Plaintiff has not alleged that the post-deprivation remedies he pursued were inadequate. Plaintiff avers that in 2014 he appealed the denial of his petition for return of property in 2014, leading to a further denial by the Tennessee Department of Safety and Homeland Security (Doc. No. 9-1 at 1, 7). Further, Plaintiff continued to pursue return of his property between 2014 and 2019 (Doc. No. 9 at 2), culminating in the January 2019 letter from the 21st Judicial District addressing his claim (Doc. No. 3 at 2). Because there appears to have been adequate state post-deprivation remedies available to Plaintiff, and Plaintiff does not allege that these remedies were inadequate, the Court now also concludes that he fails to state a claim for loss of his personal property under the Fourteenth Amendment.

4

Accordingly, finding no clear error of law or manifest injustice in the dismissal of this action, Plaintiff's Rule 59(e) motion (Doc. No. 9) is **DENIED**. This case remains closed.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE